**Jesus RICO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72465.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marina Pineda–Kamariotis, Esq., Law Office of Marina Pineda–Kamariotis, San Francisco, CA, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provid-

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Kurt B. Larson, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Jesus Rico, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal, and denying his motion to remand. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and review the denial of a motion to remand for abuse of discretion, *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000). We deny the petition for review.

■ Rico's contention that the IJ and the BIA violated his due process rights by failing to address evidence of hardship to his older son, is not supported by the record. Rico submitted evidence to the IJ that his son was merely being evaluated for attention deficit and hyperactivity disorder ("ADHD"), and the BIA reviewed Rico's evidence, submitted with his motion to remand, that his son had been newly diagnosed with ADHD. *See Colmenar v.*

ed by 9th Cir. R. 36–3.

*INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted) (requiring prejudice to prevail on a due process challenge).

Contrary to Rico's contention, the BIA acted within its broad discretion in determining that the evidence Rico submitted on appeal was not sufficient to warrant a remand. *See* 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material").

The BIA was not required to reach the IJ's good moral character finding because the hardship finding is dispositive. *See* 8 U.S.C. § 1229b(b)(1) (to be eligible for cancellation of removal the applicant must establish continuous physical presence, good moral character and hardship).

**PETITION FOR REVIEW DENIED.**